## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Cheryl J., | Case No. 18-cv-1292 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul,<br>Commissioner of Social Security, | |
| Defendant. | |

Edward C. Olson, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401; and Karl E. Osterhout, Osterhout Disability Law, LLC, 521 Cedar Way, Suite 200, Oakmont, PA, 15139 (for Plaintiff); and

Kizuwanda Curtis, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Suite A702, Dallas, TX, 75202 (for Defendant).

## I. INTRODUCTION

On September 25, 2019, the Court granted in part and denied in part Plaintiff Cheryl J.'s motion for summary judgment, granted in part and denied in part Defendant Andrew Saul's ("the Commissioner") motion for summary judgment, and remanded this matter to the Social Security Administration for further proceedings. *See generally Cheryl J. v. Saul*, No. 18-cv-1292 (TNL), 2019 WL 4673943 (D. Minn. Sept. 25, 2019). This matter now comes before the Court on Plaintiff's petition for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Pet. for Att'y Fees, ECF No. 21).

1

## II. ANALYSIS

Under the EAJA, "a party who prevails in a civil action against the United States—including a lawsuit seeking judicial review of administrative action—shall be awarded fees and expenses 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Rapp v. Colvin*, No. 12-cv-2473 (PJS/TNL), 2014 WL 5461889, at *1 (D. Minn. Oct. 27, 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner does not assert that either of these exceptions applies. Rather, the Commissioner objects to the amount of fees requested, asserting that some of the time spent was unreasonable. Thus, in this case, the Court's task is to determine how many hours were reasonably spent and award attorney fees accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court should exclude from this initial fee calculation hours that were not 'reasonably expended.'").

Plaintiff's counsel seeks compensation for 41.8 hours of work performed at the rate of $202.00 per hour for a total of $8,443.60. (Pet. for Att'y Fees ¶¶ 5, 6, 8).[1] The Commissioner raises several challenges to the number of hours claimed. In brief, the Commissioner maintains that 35 hours of attorney time is reasonable for this matter and any additional time was not reasonably expended. Accordingly, it is the Commissioner's

---

[1] This rate was calculated using the United States Department of Labor's Consumer Price Index as proof that the cost of living has increased since the statutory rate of $125 was set, and therefore an increase to the statutory rate is warranted. (Pet. for Att'y Fees ¶ 5). *See* 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). This method of rate calculation is favored by the Eighth Circuit Court of Appeals, *see, e.g., Johnson v. Sullivan,* 919 F.2d 503, 504-05 (8th Cir. 1990), and the Commissioner has not challenged its use here. Therefore, to compensate counsel properly consistent with increases in the cost of living, this Court will apply a rate of $202.00 per hour.

position that a fee award of $7,070.00 is appropriate in this case. (Def.'s Opp'n at 7, ECF No. 32). For the reasons below, the Court grants the amount of attorney fees requested.

### A. Pre-Complaint Work

The Commissioner first challenges "reimbursement for 2 hours of work performed prior to the filing of the Complaint." (Def.'s Opp'n at 3). The Commissioner contends that those two hours constitute work at the "administrative level" and thus are not compensable under the EAJA. (Def's Opp'n at 3 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 94, 97 (1991); *Cornella v. Schweiker*, 728 F.2d 978, 988 (8th Cir. 1984)).

The work discussed in *Melkonyan* and *Cornella* is distinguishable from the pre-complaint work at issue here. In *Melkonyan* and *Cornella*, the work discussed was performed *in administrative proceedings*, not in preparation for the filing of a civil action. *See Melkonyan*, 501 U.S. at 94, 97; *Cornella*, 728 F.2d at 988-89; *see also Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) ("[W]e reaffirm *Cornella v. Schweiker* and hold that, under the EAJA . . . , a Social Security claimant cannot recover attorney's fees for work performed *in administrative proceedings* after remand." (emphasis added)). Notably, federal courts in California have squarely and repeatedly rejected the assertion that *Melkonyan* forbids compensation for work done in preparation for filing a civil action. *See, e.g.*, *Adams v. Berryhill*, No. CV 17-4030 AFM, 2018 WL 6333694, at *3 (C.D. Cal. Oct. 26, 2018) ("Nothing in *Melkonyan* addresses the issue of whether work performed in preparation of filing a civil complaint is compensable under the EAJA."); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1083 (E.D. Cal. 2017) ("Furthermore, contrary to defendant's contention, *Melkonyan* does not stand for the proposition that compensation is not

permitted for work performed before a suit has been brought in a court" (quotation omitted)); *accord Ohman v. Saul*, No. 2:16-cv-2722-JAM-EFB, 2020 WL 1028331, at *3 (E.D. Cal. Mar. 2, 2020). Since Plaintiff's counsel is requesting compensation for preparing to file a civil action in federal court, *Melkonyan* does not apply.

Moreover, the time Plaintiff's counsel spent familiarizing himself with the ALJ's decision and conferring with Plaintiff regarding her case is appropriate considering Plaintiff's counsel did not represent her in the administrative proceedings and "[a]n attorney is expected to be familiar with [the] case prior to filing a case in federal court." *Jones v. Colvin*, No. 2:14-CV-2088-PKH-MEF, 2015 WL 5330885, at *3 (W.D. Ark. Aug. 17, 2015), *adopting report and recommendation*, 2015 WL 5305230 (W.D. Ark. Sept. 10, 2015). Courts have regularly awarded compensation under the EAJA for time spent by counsel to familiarize themselves with the underlying administrative proceedings before filing in federal court. *See, e.g.*, *Evans v. Berryhill*, 298 F. Supp. 3d 1210, 1213 (D. Minn. 2018); *Dimond v. Berryhill*, No. 16-cv-322 (BRT), 2017 WL 4898509, at *2 (D. Minn. Sept. 22, 2017); *see also Anderson v. Comm'r of Soc. Sec.*, No. 18-CV-24-LRR, 2019 WL 5586549, at *3 (N.D. Ia. June 21, 2019). The Court finds that the request for 2.0 hours prior to the filing of the complaint is both permissible under established case law and reasonable given that Plaintiff's counsel was not involved in prior administrative proceedings.

**B. Preparation of Plaintiff's Opening Brief**

The Commissioner contends that the 31.8 hours cumulatively claimed for the preparation of Plaintiff's summary-judgment brief is unreasonable.[2] (Def.'s Opp'n at 4). These 31.8 hours consist of 19.1 hours spent reviewing the administrative transcript, identifying issues, and performing legal research, and 12.7 hours drafting and editing the brief. (Pet. for Att'y Fees, Exhibit A at 1). The Commissioner asserts that the fees should be reduced because "the administrative transcript in this case was relatively short" and "the arguments contained in counsel's brief involved two of the most common issues found in Social Security cases: whether the [ALJ] properly evaluated the opinion evidence and Plaintiff's residual functional capacity." (Def.'s Opp'n at 4). The Commissioner further asserts that the fees should be reduced because "the bulk of the cases cited were dated 2005 or older," "[c]ase law was minimally utilized," and the standard of review and final argument of the brief were similar to other briefs written by Plaintiff's counsel. (Def.'s Opp'n at 4-5).

The Court does not view the 31.8 hours spent reviewing the administrative record, identifying issues, performing legal research, and drafting and editing Plaintiff's brief to be excessive in the case at bar. First, while the administrative transcript was relatively short, the size of the record is not necessarily determinative of the hours spent researching and briefing the legal issues. *See Evans*, 298 F. Supp. 3d at 1212.

---

[2] In his opposition, the Commissioner asserted that Plaintiff's counsel claimed 30.8 hours to review the record and prepare the summary-judgment brief. (Def.'s Opp'n at 4). It appears when calculating the hours spent reviewing the record, the Commissioner inadvertently omitted the 1 hour spent doing "Receipt and preliminary review of Defendant's Answer and the 517[-]page Administrative Transcript" on July 20, 2018. (Pet. for Att'y Fees, Ex. A at 1). The Court has adjusted the preparation time accordingly.

Second, though the assessment of a claimant's residual functional capacity and the weight given to opinion evidence are frequently litigated issues, their prevalence does not necessarily mean the time Plaintiff's counsel spent briefing them in this case was excessive. Fee awards in similarly litigated cases resemble the amount requested here. *See, e.g.*, *Chang v. Berryhill*, No. 15-cv-4496 (ADM/HB), 2017 WL 2773539, at *1-2 (D. Minn. May 31, 2017) (52 hours appropriate for 540-page transcript and preparation of brief that addressed "garden-variety challenges about the medical-opinion evidence and residual functional capacity" (quotation omitted)), *adopting report and recommendation*, 2017 WL 2773524 (D. Minn. June 26, 2017); *Vossen v. Astrue*, No. 07-cv-1567 (PAM/LIB), 2011 U.S. Dist. LEXIS 156326, at *12 (D. Minn. March 15, 2011) (finding 45 hours appropriate for review of administrative record over 400 pages and preparation of brief which "challenged a number of different aspects of the ALJ's decisions"), *adopting report and recommendation*, 2011 U.S. Dist. LEXIS 38305 (D. Minn. Apr. 7, 2011).

Third, while much of Plaintiff's case law may have been decided before 2005, this fact alone is not a reason to reduce Plaintiff's award. Cases decided before 2005 may have been the most useful to Plaintiff's counsel in securing a positive result. The Commissioner has not provided the Court with any evidence or case law suggesting that Plaintiff's use of case law was inappropriate or incorrect. The Court concludes that the Plaintiff's counsel appropriately and effectively utilized relevant legal authority and therefore declines to reduce the fee award on the basis that more recent legal authority should have been included. Fourth, the Court declines to reduce the fee award simply because portions of Plaintiff's brief may resemble briefs her counsel has written in the past.

### C. Participation of Local Counsel

Finally, the Commissioner contends that Plaintiff's local counsel, attorney Ed Olson, spent an unreasonable amount of time reviewing the filings in this case. (Def.'s Opp'n at 5-6). Local Rule 83.5(d)(2) requires non-resident attorneys like attorney Osterhout to "associate with an active member of the court's bar, in good standing, who must . . . participate in the preparation and presentation of the case . . . [and] accept service of all papers." Attorney Olson spent a relatively modest 2.30 hours reviewing a total of 13 filings. The Court finds that the time requested by Attorney Olson is consistent with his obligations in this case.

### D. Conclusion

The Court finds an award of 41.8 hours at a rate of $202.00 per hour for a total of $8,443.60 is reasonable in the case at bar.[3] This is consistent with other EAJA awards in Social Security cases in this District. *See, e.g., Waskosky v. Berryhill*, No. 16-cv-3882 (KMM), 2018 WL 2980395, at *1-2 (D. Minn. June 14, 2018) (approximately 45 hours); *Dimond*, 2017 WL 4898509, at *2 (listing cases awarding between 40 and 45 hours); *Fishbaugher v. Astrue*, No. 11-cv-1252 (MJD/JJK), 2012 WL 4711585, at *3 (D. Minn. Oct. 3, 2012) (approximately 48 hours).

---

[3] Although not expressly requested in the petition, an exhibit attached itemizes and requests reimbursement of a $400 filing fee. (Pet. for Att'y Fees, Ex. A at 2). Plaintiff applied for and was granted leave to proceed *in forma pauperis* in this action. (ECF Nos. 2, 6). As no filing fee was paid, there is none to be reimbursed. To the extent the petition can be read as requesting reimbursement of a filing fee, such request is denied.

## III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Counsel Petition for Attorney Fees Under the Equal Access to Justice Act (ECF No. 27) is **GRANTED**.

2. Plaintiff is awarded $8,443.60 in reasonable attorney fees, subject to offset by any preexisting debt that Plaintiff owes to the United States.

Date: May   20   , 2020                           *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota


                                                  *Cheryl J. v. Saul*
                                                  Case No. 18-cv-1292 (TNL)